SAMUEL S. GUYER, plaintiff in error, *vs.* LEMUEL ANDREWS, defendant in error.

### *Error to Rock Island.*

A collector of taxes, although he may not have taken an oath of office in the manner prescribed by the statute, may be an officer *de facto*, so far as the public and third persons are concerned, while he retained the office and exercised the duties of it.

Where the jurisdiction of an officer is of a special and particular character, a person acting under a warrant from him, in order to justify himself, must show that the officer who issued the warrant acted within his jurisdiction, and was authorized to act in the particular case.

A collector need not show the copy of the assessment list in justification of his acts, until he has laid the foundation for it, by showing the original assessment.

This was an action of trespass, tried before a justice of the peace of Rock Island county, and taken by appeal to the Circuit Court. On the trial in the Circuit Court, Andrews, who was plaintiff below, proved that Guyer took certain personal property from him, and proved its value. Guyer then proved, that at the time of the taking of such personal property, he was the acting collector of taxes for said county, where the property was taken; and for the purpose of justifying the taking of such property for the non-payment of taxes, he introduced the assessor's book of said county, for the year 1849. He proved that William Holloway was the acting assessor for said county for that year; that the said book was returned to the office of of the clerk of the County Commissioners' Court, as the assessor's return of the valuation of the taxable property for 1849 in that county, and that the book now belonged to, and constituted a part of the records of the office of the County Court. The book purported to contain the assessment so made by the said Holloway.

On the first page of the book was attached an affidavit, in these words:

" State of Illinois, }
Rock Island county. }

" I, William Holloway, do solemnly swear that I will faithfully, diligently and impartially perform all the duties required of me by law, as assessor of taxable property in the county of Rock Island, and that I will in no instance value any lands as low as at three dollars per acre, which I believe to be worth more."

The oath was taken before the assessor entered upon the duties of his office. The affidavit was not attached to the said book until April 12, 1850, but was left in the clerk's office.

Guyer then offered the book in evidence, and offered to read therefrom the assessment against Andrews, but the Court excluded this evidence from the jury. Judgment was rendered against Guyer for $47. A motion for a new trial was made and overruled. The cause was heard before Kellogg, Judge, at May term, 1850.

The assignment of errors questions the correctness of the decision of the Court, in excluding the assessment as evidence for the collector, Guyer.

J. MANNING, for plaintiff in error.

N. H. PURPLE, for defendant in error.

Opinion by Mr. Justice CATON:

Although there may be no difference, in substance, between the oath prescribed by the act of 1845 and that of 1849, yet we are not prepared to say that the taking of the former was a compliance with the latter law. When the Legislature changed the form of the oath, that change became a material although it may not have been a substantial one. But, notwithstanding the collector did not take the oath prescribed by the statute, we think as an officer *de facto* he could make an assessment which was binding, so far as the public and third persons were concerned. It is true, that the law of 1849 provides that "a refusal or neglect of the treasurer to qualify and act as assessor, shall vacate his office as treasurer, and the County Court shall thereupon appoint some suitable person to fill such vacancy, who shall hold his office until his successor is elected and qualified;" still, so long as he retained the office, and exercised the duties of it, he was an officer in fact. It was no part of the collector's duty to inquire and determine whether the assessor was rightfully in office, and had duly qualified or not. So long as the County Court, the tribunal appointed by law for that purpose, did not treat the office as vacant, and fill it by appointment, it was not for the collector to refuse to perform his duty, because he might conceive that the assessor had not taken the proper official oath.

It was enough for the collector to know, that the assessment was duly made, by an acting assessor, who was in the open and notorious exercise of the duties of the office. He was no more bound to inquire whether the assessor had been duly qualified, than he was to see that the clerk, who furnished him with the copy of the assessment, had taken his proper official oath. The case of The People *vs*. Collins, 7 John. R., 549, is in point. There, commissioners of highways, before they entered upon the duties of their office, were required to take an oath, which should be filed with the town clerk, and the law provided that a neglect to do so should be deemed a refusal to serve in the office, and that the town might proceed to choose others. The commissioners, without having taken and filed the oath, as required, laid out a road, but the town clerk refused to record the survey; insisting that their office was vacant, for the reason that they had not taken and filed the oath, and that they could not act. The Court, however, decided that they were officers *de facto*, and as such, their acts were good, and compelled the clerk to record the survey of the road.

Another question is raised by the defendant in error, and that is, admitting the assessment to have been valid, still the book offered showing the assessment was immaterial, as the collector could only justify himself under the warrant of authority by virtue of which he collected the tax, and behind which it was not necessary for him to go. The county clerk is required to deliver to the collector a copy of the list of taxable property returned by the assessor, and this constitutes his authority for collecting the tax. The jurisdiction of the clerk to issue this warrant of authority to the collector, is of a special and particular character, and the law is well settled, that he who would justify himself, when acting under such a warrant, must show that the officer issuing it acted within his jurisdiction, and was authorized to issue it in the particular case. This rule has been often applied to the cases of warrants issued for the collection of taxes, by particular persons or officers, whose duty it was to issue such warrants when a proper assessment had been made. Suydam *vs*. Keys, 13 John. R., 444; Brewster *vs*. Hyde, 7 N. H. R., 209. Here the clerk had no authority to issue the copy of the assessment list, unless an assessment had been made.

The book, which was ruled out by the Court, was the original assessment list, and was of indispensable importance to the defendant below; for without it the copy under which he must have acted, was issued by the clerk without authority, and could not justify the collector. It is true, the collector did not show the copy of the assessment list, nor was he bound to do so, until he had been permitted to lay the foundation for it, by showing the original assessment.

The judgment is reversed, with costs, and the cause remanded.

*Judgment reversed.*