## THOMAS LEACHMAN

*v.*

## MICHAEL DOUGHERTY.

1. ROAD AND BRIDGE TAX—*can not be extended without action of the board of supervisors.* The requirement of sec. 120, of chapter 121, of the Revised Laws of 1874, that the statement of the commissioners of highways of the amount necessary to be raised for the making and repairing of bridges, laying out, opening and altering roads, etc., shall be submitted to the board of supervisors, at its annual meeting in September, for its action, is jurisdictional, and unless it is complied with, and the action of the board is had thereon, the county clerk is not empowered to extend the tax.

2. SAME—*certificate of town clerk does not authorize extension of tax by county clerk.* The county clerk is not authorized to extend a road and bridge tax on the township collector's book, merely upon the certificate of the town clerk that the commissioners of highways, at a meeting at his office, had assessed a certain amount on the real and personal property of the town, to defray road and bridge expenses of the town for the ensuing year.

3. MINISTERIAL OFFICER—*not protected in execution of certain process.*
A ministerial officer is not protected in the execution of process, though
regular on its face, if he has knowledge of facts which render it void.

4. TAX COLLECTOR—*not protected by warrant when he knows facts which
render it void.* The commissioners of highways failed to deliver to the
board of supervisors a statement of the amount of taxes required for road
and bridge purposes for the ensuing year, although it was made and left
with the town clerk, to be by him delivered to the supervisor, and conse-
quently the board of supervisors did not act upon it at their regular meeting
in September. In October the town clerk filed with the county clerk a cer-
tificate of the fact that the highway commissioners had made such a state-
ment, at a meeting held at his office in September, and thereupon the county
clerk extended the road and bridge tax on the collector's book, in accord-
ance with such certificate, and delivered the book, with the collector's war-
rant attached, to the town clerk, who was also the collector: *Held,* that he
was not protected as collector in the execution of the warrant, so far as the
road and bridge tax was involved, having knowledge of the facts which
rendered it void.

APPEAL from the Circuit Court of Adams county; the Hon.
JOSEPH SIBLEY, Judge, presiding.

Mr. U. H. KEATH, and Mr. A. E. WHEAT, for the appellant.

Mr. A. McMURRAY, and Messrs. WHEAT & MARCY, for
the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant was town clerk and also town collector of the
town of Ursa, in Adams county, during the year 1874. The
commissioners of highways of that town, on the 1st of Septem-
ber, 1874, made and signed a statement, in writing, showing
that they had ascertained and determined, as near as practi-
cable, the amount necessary to be raised in said town for road
and bridge purposes during the then ensuing year, and that
they had ascertained and determined the same to be $1200,
giving, in detail, the various items from which the aggregate
was made up. This they delivered to appellant, but he neg-
lected to deliver it to the town supervisor, or to cause it to be
laid before the board of supervisors at their September meet-
ing, in that year, and no statement in regard to the amount

ascertained and determined to be necessary to be raised for road and bridge purposes in that town, for the then ensuing year, was laid before or presented to the board of supervisors, nor did the board order any tax levied for that purpose.

On the 30th of October, 1874, appellant made a certificate, signed by himself, as town clerk, in which he stated that the commissioners of highways, at a meeting at the town clerk's office, on the first day of September, 1874, assessed the amount of $1200 on the real and personal property of the town, to defray the highway and bridge expenses of the town for the then next ensuing year. This was filed in the county clerk's office on the 9th day of November, 1874, and the county clerk thereupon proceeded to extend the amount as road and bridge tax on the collector's book, against the taxable property in the town, and when the book was completed, and the proper warrant annexed, it was delivered to appellant, as town collector, and by virtue of it he distrained the property of appellee, and in this consists the trespass complained of.

It is provided by section 120, of chapter 121, R. L. 1874, p. 932, that "the highway commissioners of each town shall, annually, ascertain, as near as practicable, how much money must be raised by tax on real and personal property for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads, *   *   *   *   *   *   *   *   and shall levy a tax on all the real and personal property in said town, not exceeding forty cents on the $100. And they shall give to the supervisor of the township, and in Cook county to the county board, a statement of the amount necessary to be raised, and the rate per cent of taxation, signed by said commissioners, or a majority of them, on or before the Tuesday next preceding the annual September meeting of the board of supervisors, or the county board in Cook county, who shall cause the same to be submitted to said board for their action at such September meeting of said board: *Provided*, that if the commissioners of highways, or any three legal voters, shall give notice, by posting notices, etc.,   *.   *   *   *   *   that a larger amount of

money will be required, for the purpose of constructing or repairing roads or bridges in their town, than can be realized from the real and personal property tax authorized by law to be assessed by the commissioners, the legal voters present at such meeting may authorize an additional amount to be raised by tax, not exceeding sixty cents on each $100 valuation, and said board shall cause the same to be extended on the tax books."

The next section, 121, is: "According to the amount certified, as aforesaid, the county clerk, when making out the tax books for State and county taxes for the collector, shall extend the necessary tax, in a separate column, against each tax-payer's name, on taxable property, as other taxes are extended, which shall be collected in the same manner as State and county taxes."

It will be thus seen, that the authority of the county clerk to extend the tax is derived solely from a levy made in accordance with the provisions of section 120. He is to extend it according to the amount "certified as aforesaid," and, by implication, not otherwise. From the fact that the statement of the commissioners of highways is to be submitted to the board of supervisors at its annual meeting in September, at which time it is required to make all levies of taxes which it is empowered to make, "for its action," it is evident the board of supervisors is to exercise a supervision in the matter; and this being so, the requirement is jurisdictional, and without it the clerk was not empowered to extend the tax.

The tax having been extended without authority of law, its collection was illegal, and the only question left to be considered is, can appellant avail of the protection of the collector's warrant, it being regular on its face, and affording no notice of the want of authority in the clerk to extend the tax.

It was held in New York, in *Webber et al.* v. *Gray*, 24 Wend. 485, and *The People* v. *Warren*, 5 Hill, 440, that a ministerial officer is protected in the execution of process regular on its face, though he has knowledge of facts rendering it void. But the opposite doctrine is intimated in 16 Wendell,

518, in the opinion there given by Chancellor WALWORTH, and is expressly ruled in *Green* v. *Mitchell*, 31 Wis. 545, and such is the tendency of the decisions of this court. *Guyer* v. *Andrews*, 11 Ill. 494; *Barnes* v. *Barber et al.* 1 Gilm. 406; *McDonald* v. *Wilkie*, 13 Ill. 25; *Hill* v. *Figley*, 25 Ill. 156.

In the present case, appellant not only had notice that the tax was extended by the clerk, in the absence of a levy made conformably to law, but he was an actor in inducing the extension of the tax, and, upon that ground alone, is liable for the injuries resulting. *McPride* v. *City of Chicago*, 22 Ill. 576.

The principle is, " all who, with full knowledge of the facts, aid, command, advise or countenance the commission of a tort by another, are equally liable with him who commits it." Waterman on Trespass, vol. 1, § 23.

The execution of the warrant by appellant was in continuation of his illegal act, inducing the county clerk to extend the tax, and, in our opinion, the warrant, under the circumstances, is no protection to him.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHELDON, dissenting:

The collector's warrant, here, was legal and regular upon its face—what the officer did was but in obedience to its command. I take the rule of law to be, as laid down in *Erskine* v. *Hohnback*, 14 Wall. 613, that if the officer or tribunal possess jurisdiction over the subject matter, and its order or process to the ministerial officer is regular on its face, showing no departure from the law or defect of jurisdiction, the order or process will give full and entire protection to the ministerial officer executing it against any prosecution therefor, and that the officer is not to be affected as to this rule of protection by anything he may have heard or learned outside of the process. *Webber* v. *Gay*, 24 Wend. 485; *The People* v. *Warren*, 5 Hill. 440; *Watson* v. *Watson*, 9 Conn. 140; *Taylor* v. *Alexander*, 6 Ohio, 147; *Wall* v. *Trumbull*, 16 Mich. 234; and see

*Twitchell* v. *Show*, 10 Cush. 48; *Wilmarth* v. *Burt*, 7 Metc. 257. The latter I conceive to be the established doctrine under the authorities, and that it is the sound and salutary rule. By the protection it affords to the officer, its tendency is to secure prompt and unhesitating obedience, by executive officers, to the commands of the law.

I find no decision of this court requiring the adoption of a contrary rule. There are what are mere *dicta* to be found, that the officer may be affected by his knowledge of matters outside of the process, beginning with and following the unwarranted *dictum* to that effect in *Barnes* v. *Barber et al.* 1 Gilm. 406, which rests upon a seeming misapprehension in that respect of the rule upon the general subject of justification under official process laid down in the leading case of *Savacool* v. *Boughton*, 5 Wend. 171, which rule the case of *Barnes* v. *Barbour et al.* assumes to adopt and follow.

I see no ground upon which to base the charge of appellant inducing the extension of the tax. His making a certificate of a fact which appeared upon the files of his office as town clerk should not render him chargeable with such a result. The county clerk was induced, from his own sense of duty, to extend the tax and make out and deliver to the collector the tax book with the warrant annexed. It would be unwarrantably rigorous to charge a town clerk with such an act of the county clerk, which the latter should, solely of his own motion and as a supposed official duty, perform, in view of such a certificate, and nothing else. The act would not be a natural and legal consequence to found a legal liability upon.