THE WABASH RAILROAD COMPANY_

*v.*

THE PEOPLE *ex rel.* Thoele, County Collector.

*Filed at Mt. Vernon June 16, 1891.*

1. ROAD TAX—*duty of highway commissioners.* The highway commissioners are required to prepare, and deposit with the town clerk, lists containing the land and personal property road tax, and to direct the town clerk to make a copy of each list, which copies, after subscribing the same, they shall cause to be delivered to the respective overseers of highways of the several road districts.

2. SAME—*duty of overseer of highways.* Each overseer of highways is required to deliver to the supervisor of his town, five days before the annual meeting of the board of supervisors, the lists so furnished to him, with an affidavit as to the property on which the tax is paid and as to that on which it is not paid.

3. SAME—*duty of supervisor and board of supervisors.* The supervisor of each town is required to receive the list of the overseer, "and to lay the same before the board of supervisors of the county." It is then the duty of the board of supervisors "to cause the amount of the arrearages of the road tax returned by the overseer of highways to be levied on the lands returned, and to be collected in the same manner that other taxes of the county are levied and collected."

4. Section 117 of the Road act does not confer on the board of supervisors the power to make an original levy, but merely to supervise the levy already made by the highway commissioners, after being satisfied that it is in proper shape and for a lawful purpose and within the legal rate, to cause steps to be taken for its collection. To this end it is the duty of the board to deliver the lists so submitted to it, to the county clerk, to be extended, provided they need no correction.

5. These lists pass into the hands of the full board from the possession of the town supervisors, and should not go into the hands of the county clerk until they have been laid before the board. When there is any record showing that they have passed into the control of the county clerk, the presumption is that they have already been submitted to the board and found to be correct. The act of filing them with the clerk is the act of the board, and such act is conclusive that the levies are satisfactory, and that the clerk is authorized to extend them.

6. SAME—*act of supervisors and board of supervisors—how shown.* The act of laying the lists of road taxes before the board of supervisors, being the individual act of each town supervisor, may be shown by

parol evidence. But what the board may do after the lists are placed in its hands is the subject of corporate action, and must be proved by the record of its proceedings.

7. The statute does not require an order to be entered approving the levies, but makes it the duty of the board to cause the amount of the arrearages to be levied and collected. The filing of the lists with the clerk is a step taken in causing the levy to be made. It is true that a record is a proper mode of showing the action of the board, but any record from which it can reasonably be concluded that the lists were before the board, and that the board made no order against extending them, is sufficient.

8. SAME—*how levied.* Section 83 of the act in relation to roads and bridges requires that the road tax shall be levied and assessed by the commissioners of highways, and not by the board of supervisors, and section 119 of the same act requires the tax therein named also to be levied by the commissioners of highways.

APPEAL from the County Court of Effingham county; the Hon. S. E. GILMORE, Judge, presiding.

Mr. GEORGE B. BURNETT, and Mr. GEORGE S. GROVER, for the appellant:

The statute provides that the levy of delinquent district road tax shall be made by the board of supervisors. That body alone has power to make the levy. The duties of the county clerk are simply ministerial. He has no authority to extend the tax when the board of supervisors has not ordered it done. Rev. Stat. chap. 121, sec. 117; *Leachman* v. *Dougherty,* 81 Ill. 324; *Railway Co.* v. *Highway Comrs.* 117 id. 279; Cooley on Taxation, (1st ed.) 247; Burroughs on Taxation, 398.

As there was no record in existence showing any action whatever on the part of the board of supervisors of Effingham county in 1888 and 1889, respecting these taxes, it was error to permit parol evidence to be introduced by which it was attempted to show that the board of supervisors had this matter before them. Had there been no record of the proceedings of said board, or if it had been shown that such record had been destroyed, then, and in that case, parol evidence as to what was done by them might have been competent. But such

proof was not made here.   The fact was, as shown by the evidence, that there was a record of the meetings of the board of supervisors for these years, and it was also shown that at such meetings the board of supervisors never took any action respecting these taxes.   For that reason parol evidence was incompetent to supply the deficiencies, if any, in the existing record, and therefore such evidence should have been excluded. *Burnett* v. *Wolfe*, 70 Ill. 76; *Herrington* v. *McCollum*, 73 id. 482; *Harris* v. *Lester*, 80 id. 307; *Kemper* v. *Waverly*, 81 id. 278; *Maupin* v. *Franklin County*, 67 Mo. 327; Wharton on Evidence, (2d ed.) sec. 980, and cases cited; Cooley on Taxation, (1st ed.) 248, and cases cited.

Mr. R. C. HARRAH, for the People:

The failure of the record of the county board to show an order of that body directing the clerk to extend the lists of road taxes, does not prove that such board did not cause the tax to be extended.   *Gage* v. *Bailey*, 102 Ill. 17.

This court has had frequent occasion to say it would not entertain an objection to taxes levied by municipalities where the irregularities insisted upon do not affect unjustly the rights of the citizens.   *Chiniquy* v. *People*, 78 Ill. 570; *Purrington* v. *People*, 79 id. 11.

The statute does not, as counsel in their brief state, provide "that levy of delinquent district road tax shall be made by the board of supervisors."   The duty of the board of supervisors is not to levy this tax, but to cause the amount of the arrearages returned, etc., to be levied on the lands returned.

The road taxes authorized by section 83 differ from all other taxes in this: that they are levied and assessed on the valuation of the previous year, and are put in process of collection (see Starr & Curtis' Stat. chap. 121, secs. 83, 84, 88, 108-111,) long before the annual meeting of the board of supervisors, at which time the county taxes are levied, and may all be paid.

20—138 ILL.

The only duty of the board of supervisors with reference to this tax is supervisory,—that is, to see that any part of this tax in arrears not paid at the time of their annual meeting is levied on lands returned. *Railway Co.* v. *People*, 116 Ill. 242.

No effort was made to contradict or impeach a record by the introduction of parol testimony. The record being silent as to what the board did to cause these taxes to be levied, it was competent to prove as a fact that the lists were presented to the board while in session, and that what the clerk did was not without authority.

This objection does not affect the substantial justice of the tax, and we think it is cured by the 191st section of the Revenue act. The following cases are cited: *Buck* v. *People*, 78 Ill. 560; *Chiniquy* v. *People*, id. 570; *Moore* v. *Fessenbeck*, 88 id. 422; *Thatcher* v. *People*, 79 id. 597; *Purrington* v. *People*, id. 13; *Beers* v. *People*, 83 id. 493.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is an appeal from a judgment of the County Court of Effingham County, entered at the May term, 1890, against the property of the appellant Railroad Company in that county for the delinquent road tax for the years 1888 and 1889. Appellant filed two objections to the entry of judgment both of which were overruled, and exceptions were duly taken. The two objections were as follows: 1st. "The Board of Supervisors of said county did not cause said tax to be levied, as required by law; 2nd. there is no order on record in said county showing that said taxes were levied by said Board of Supervisors, as required by law."

Appellant did not show affirmatively, that the Board did not cause the taxes in question to be levied, if it be admitted that it was the duty of the Board to do so. The Company merely sought to show, that the Board entered *no order* causing such taxes to be levied, and left it to be inferred that no action was

taken because of the failure to make the order. It sought to show the absence of an order, not by producing the records of the Board, but by the oral statements of the county clerk and one of his deputies, that there was no record of any such order.

Section 83 of the Act in regard to Roads and Bridges requires, that the road tax shall be levied and assessed by the commissioners of Highways, and not by the Board of Supervisors. (2 Starr & C. Ann. Stat. page 2161.) Section 119 of the same Act requires the tax therein named also to be levied by the highway commissioners. (Idem, page 2168).

The highway commissioners are required to prepare, and subscribe, and deposit with the town clerk, lists containing the land and personal property road tax, and to direct the town clerk to make a copy of each list, which copies, after subscribing the same, they shall cause to be delivered to the respective overseers of highways of the several road districts. (Idem, sections 84 and 85.) Every overseer of highways shall deliver to the supervisor of his own town, five days before the annual meeting of the board of supervisors, the lists so furnished to him, with an affidavit as to the property on which the tax is paid, and as to that on which it is not paid. (Idem, sec. 110.) The supervisor of each town is required to receive the list of the overseer, "and to lay the same before the board of supervisors of the county." (Idem, sec. 116). "It shall be the duty of the board of supervisors * * * to cause the amount of the arrearages of the road tax returned by the overseer of highways * * * to be levied on the lands returned, and to be collected in the same manner that other taxes of the county are levied and collected, and to order the same when so collected to be paid over to the commissioners of highways of the town." (Idem, sec. 117.)

It was not the intention of section 117 to confer upon the board of supervisors the power to make an original levy, but merely to supervise the levy already made by the highway commissioners, and, after being satisfied that it is in proper

shape, and for a lawful purpose, and within the legal rate, to cause steps to be taken for its collection. To this end, it is the duty of the board to deliver the lists or statements, so submitted to it, to the county clerk to be extended, provided such lists or statements need no correction. If such correction were needed, it might be the duty of the board to return the lists, in order that such correction might be made.

It is clear, that these lists or statements pass into the hands of the full board from the possession of the town supervisors. They should not go into the hands of the county clerk until they have been laid before the board. When there is any record, showing that they have passed into the control of the county clerk, the presumption is, that they have already been submitted to the Board, and found to be correct. If the board is of the opinion that they should be extended, it then becomes its duty to deliver them to and file them with the county clerk. The act of filing them with the clerk is the act of the board, and such act is conclusive that the levies are satisfactory, and that the clerk is authorized to extend them.

The statute does not require an order to be entered approving the levies, but makes it the duty of the board to *cause* the amount of the arrearage to be levied and collected. To file the lists with the clerk is one step taken in causing the levies to be made, because it then becomes obligatory upon the clerk to extend them. It is true, that a record is the proper mode of showing the action of the Board. But any record, from which it can reasonably be concluded that the lists were laid before the board, and that the board made no order against extending them, is sufficient. These views are sustained by the following cases: *Gage* v. *Bailey*, 102 Ill. 11; *P. D. & E. Ry. Co.* v. *The People ex rel.* 116 id. 232.

In the case at bar, the company on the trial below, itself introduced in evidence the tax lists, which conform in every respect with the requirements of the Statute, containing a description of each tract in the road district, with the name of

the owner, and the valuation set opposite the description, and the road tax, as assessed by the Highway Commissioners of the town, extended opposite the valuation, and showing the written directions of the commissioners to the town clerk to make copies of the lists, and that the original lists and copies were signed by the commissioners, and deposited and filed in the town clerk's office, and that copies were made by the town clerk as directed, and containing the affidavits of the overseers of highways as to the taxes paid and unpaid.

Upon each one of the lists, thus introduced by the company, is a certificate by the county clerk, that such list was filed in his office upon a certain day in September. In connection with such lists the company's own witnesses, the county clerk and his deputy above mentioned, swore, without objection, that the lists admitted in evidence were returned by the several town supervisors, and were filed in the county clerk's office while the board of supervisors was in session at its annual meetings in September, 1888, and 1889, and that the road taxes therein named were extended by the county clerk.

In *P. D. and E. Ry. Co.* v. *The People ex rel. supra,* the record of the board of supervisors recited as follows: "Now come the several supervisors and file with the clerk the following levies." We held this to be a sufficient record of the proceedings of the board, and said: "This necessarily implies that the levies were then before the board." Here, the county clerk, who is proven, in this case, to have kept the records of the board, certifies that the lists were filed in his office, and from such certificate it will be presumed that they were filed by the supervisors, who alone were authorized to file them, and from such certificate, taken in connection with the company's own evidence as above set forth, it is manifest that the lists were laid before the board, and that the filing of them was a part of its proceedings.

In addition to the testimony, so introduced by the company in support of its objections, the People placed the town super-

visors upon the stand, who swore that they brought with them to the annual meetings in September 1888 and 1889, the lists received by them from the overseers of highways, and laid them before the board of supervisors during the September sessions.

Appellant complains that it was error to permit oral evidence to be introduced to show that the lists were laid before the board. We do not think that such evidence was objectionable. What the board did, after the lists were placed in its hands, was the subject of corporate action, and to be proved by the record. But the act of laying the lists before the board was the individual act of each town supervisor, and it was competent for him to state what he did in that regard.

It is to be noted that there is here no complaint of the justice of the tax, or of its proper levy and assessment by the highway commissioners. Inasmuch as the lists were laid before the board and passed from the hands of the board into the hands of the county clerk, and were filed in his office, and the taxes were thereafter actually extended by him, and inasmuch as there is in evidence his written certificate of the filing of such lists with him by the supervisors, we will presume that the board exercised such supervisory control over the lists as the statute requires.

We do not think that the cases of *Leachman* v. *Dougherty*, 81 Ill. 324, and *O. & M. Ry. Co.* v. *Comrs. of Highways*, 117 id. 279, which are referred to by counsel for appellant, can be held to apply to the facts presented by this record, because, in the first case, it appeared affirmatively that the statement was not delivered to the town supervisor, or laid before the board of supervisors at their September meeting, and, in the second case, it was expressly stipulated, that the lists, on the authority of which the county clerk extended the road taxes, were not presented to the board of supervisors.

The judgment of the County Court is affirmed.

*Judgment affirmed.*