Syllabus.

67 414
123 355
123 646
67 414
135 548
67 414
138 314
67 414
142 298
67 414
153 555
67 414
183 198
67 414
195 ¹487
67 414
204 ¹473

# JOHN DURHAM

### v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. TAXES—*application for judgment—what proof necessary.* Under the statute, the collector's report of the list of delinquent lands, on an application for judgment, makes a *prima facie* case, and judgment should be rendered upon it, unless good cause be shown why it should not. If there are any valid objections, it is for the land owner to point them out and make them appear. On such application, it will be presumed that the assessor and other officers connected with the revenue did their duty, in the absence of a showing to the contrary.

2. SAME—*failure to collect from personalty.* It was objected to an application for judgment against land for taxes, that the collector should have made the taxes by distraining and selling personal property. It appeared that he did levy on personalty, but that the objector replevied the same out of his hands: *Held,* that such party could not be heard to object to that not being done which he wrongfully prevented.

3. SAME—*notice of application for judgment.* A notice of an application for judgment against delinquent lands, which described the lands as those "upon which taxes remain due and unpaid for the year 1871 *and previous years,*" is a substantial compliance with the statute requiring such notice to state the years for which the taxes are due, especially where it does not appear that the land was charged with the tax of any *previous* year.

4. SAME—*proof of publication of notice of application for judgment.* Where the newspapers are introduced in evidence containing notice of application for judgment against delinquent lands, this will afford evidence of the publication of the notice, if accompanied with other proof that the paper was a newspaper published in the county.

5. SAME—*form of judgment on appeal.* Where the judgment of the county court, against lands for taxes, is in proper form, and it is affirmed by the circuit court on appeal, a general judgment of affirmance will be sufficient without specifying the taxes due on each tract.

6. SAME—*costs on appeal.* On appeal from the judgment of the county court against lands for taxes, where the same is affirmed, it is proper to render a personal judgment against the appellant for the costs. The statute does not authorize the collection of costs of the appeal out of the land against which the tax is assessed.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was an application for judgment against certain lands for non-payment of taxes. The cause was tried in the circuit court on appeal from the county court. One of the grounds of objection interposed by the owner, was, the alleged insufficiency of the proof of publication of the notice of the intended application. Certain papers containing the advertisement were offered in evidence, which were objected to on the ground there was no evidence they were newspapers, and because the publisher's certificate of the publication of the list, and notice of application for judgment, was not signed by the publisher. The plaintiff then introduced B. F. West as a witness, who testified that he was treasurer and *ex officio* collector of Mason county. The papers were then shown the witness, and he testified that these papers contained the list of delinquent lands and town lots that he gave the printer for publication; that he compared them with the list he gave the printer and found them correct, and that the papers were published at Havana, Mason county, in the regular issue. The court thereupon overruled defendant's objections to the record and papers, and admitted them in evidence, to which the defendant excepted. The circuit court, on the hearing, affirmed the judgment of the county court for the sale of the defendant's lands, and the defendant appealed. The other features of the case appear in the opinion of the court.

Messrs. LACEY & WALLACE, for the appellant.

Mr. J. K. EDSALL, Attorney General, and Messrs. DEARBORN & CAMPBELL, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an application to the Mason county court for judgment for taxes assessed against lands which were returned delinquent by the collector.

A defense was set up, but it was disallowed, and judgment rendered for the sale of the lands for the payment of the taxes. An appeal was taken to the circuit court, where the judgment was affirmed, and the cause is brought here to reverse the judgment of the circuit court.

It is insisted that it was incumbent upon the appellee to make proof in the court below of the official character of the assessor and collector ; that they took an oath of office, and that all the provisions of the law relating to the assessment of property for taxes, had been complied with, before the court could lawfully render a judgment for the taxes ; and, as that was not done, that there is error in the judgment.

Our statute on the subject, after providing that the collector shall file the list of delinquent lands, etc., says : "The court shall examine said list, *and if defense or objection be offered* by any person interested in any of said lands or lots, to the entry of judgment against the same, the court shall hear and determine the same in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be," etc.

What is it that the court is to proceed to hear and determine? It is the matter of defense or objection offered.

The persons concerned in the assessment and collection of taxes are public officers, required by law to be sworn to a faithful discharge of their duties, and it may be presumed they have done their duty. *Taylor* v. *The People*, 2 Gilm. 351 ; *Jackson* v. *Cummings*, 15 Ill. 451 ; *Job* v. *Tebbetts*, 5 Gilm. 376. And we consider that, under the statute, the collector's report of the list of delinquent lands makes a *prima facie* case, and that judgment is to be entered upon it unless good cause be shown why it should not be ; that, if there be any valid objections, it is for the land owner to point them out and make them appear. It is all the land owner can reasonably ask, that he shall be allowed an opportunity to show cause, if there be any, why his land should not be sold for the taxes. It is important that the collection of the dues

for the support of the government should be enforced in a somewhat summary manner, and that the legally appointed means of their collection should not be stayed, except for good cause shown.

Appellant next attempts to show, as objections against the sale :

*First*—That there was no demand of the taxes. The evidence satisfies us that such demand was made.

*Second*—That the taxes might have been collected out of personal property. It was shown in evidence that the collector did levy upon personal property of appellant, enough, in the collector's judgment, to satisfy the taxes, but that appellant replevied it and took it out of the collector's possession. After the levy, the collector proceeded to advertise the property for sale. The collector had to make his return by the 15th day of February, 1872; the property was replevied from him January 31, 1872. Before the writ of replevin could issue, the law required the appellant to make oath that the property had not been taken for any tax levied by virtue of any law of this State. If the tax was not collected out of his personal property, appellant prevented it by his wrongful act of replevying the property levied on by the collector for that purpose. Appellant can not be heard to object that that was not done which he, by his own wrongful act, prevented from being done. But it is said, appellant had abundant other personal property remaining, and the collector should have proceeded against that. Had he done so, appellant might as well have taken the second seizure from the collector by a writ of replevin as he did the first. A person is not to be indulged in thus thwarting the collection of his taxes.

We think the collector here exercised proper diligence to collect the taxes out of personal property, and that that was sufficient, as intimated in *Job* v. *Tebbetts,* 5 Gilm. 376.

*Third*—Appellant objects to the sufficiency of the notice of the intended application for judgment. The first reason—that it fails to state the amount due on any of the lands, because

27—67TH ILL.

there is no dollar mark or word to indicate what the figures, under the heading of "tax," stand for—the amended record shows does not exist, in fact. The second reason alleged why the notice is not sufficient, is, that it does not state for what years the taxes are due. The statute requires the notice to contain a statement of the amount of taxes due on the lands, "and the years for which the same are due." The statement in this respect in the notice, is, "upon which taxes remain due and unpaid for the year 1871, *and previous years.*"

The delinquent taxes are, almost invariably, for the next preceding year. It is quite exceptional that there are delinquent taxes for previous years. The important thing for the land owner to know, is, that his land is sought to be sold for taxes, and the amount of taxes claimed. If it be a matter of interest to him to know if his land is really charged with taxes for any previous years to the one named, and for what particular years, he can ascertain upon inquiry. Every requirement of the statute, the non-observance of which may operate to the prejudice of the land owner, should undoubtedly be complied with. But we can hardly see how appellant could have been prejudiced by the indefiniteness of the notice in the respect named, especially when it does not appear that his land was charged with the tax of any *previous* year. The words "previous years" in the notice were probably formal, and mere surplusage as respected appellant's lands. We must regard the notice as a substantial compliance with the statute.

*Fourth*—It is further objected that there was no evidence that the papers containing the advertisement were newspapers, and the printer's certificate was objected to as insufficient.

It is true, no witness testified directly that the papers were newspapers, but the papers themselves were introduced in evidence, and from the inspection of them, and the accompanying evidence, we think the court was warranted by the evidence in finding that the papers were newspapers. *Jackson* v.

*Cummings,* 15 Ill. 451. The certificate, being without a signature, was insufficient; but the fact of publication was otherwise sufficiently proved by the exhibition of the newspapers containing the notice, with accompanying evidence.

*Fifth*—It is urged that the judgment of the court below is erroneous in not finding the amount of taxes due on the respective tracts of land; but the judgment of the county court is without objection in this respect, and the judgment of the circuit court is merely one of affirmance of the judgment of the county court. The objection is without force.

*Sixth*—It is also urged that the court below erred in rendering a personal judgment against appellant for the costs of the appeal. There is nothing in the statute to authorize the collection of the costs of the appeal out of the land against which the tax is assessed, and we see no legal mode of collecting them except by means of a personal judgment. Without this, no remedy could be had on the appeal bond. We perceive no error in this.

The judgment must be affirmed, and the court below will issue a *procedendo* to the county court.

*Judgment affirmed.*