JAMES MIX

*v.*

THE PEOPLE *ex rel.* John B. Shaw, Collector, etc.

1. TAXES—*collector's report prima facie sufficient.* On application for judgment against lands for taxes, the collector's report of the list of delinquent lands, where proof is made of notice of the application, makes out a *prima facie* case, and judgment will be rendered upon it, unless good cause is shown to the contrary by those contesting the same.

2. SAME—*presumption as to the notice.* Where the bill of exceptions states that the paper showing publication of the delinquent list of lands, with certificate, was given in evidence, but the same is not copied into the record, because lost, it will be presumed, in support of the judgment against the lands for taxes, that the advertisement and certificate of publication were sufficient.

3. SAME—*presumption as to filing list.* In the absence of anything in the record showing the contrary, it will be presumed that the collector, on an application for judgment against delinquent lands, did his duty, and filed the delinquent list in proper time, as required by law.

4. SAME—*judgment.* A judgment that certain lands be sold for the amount of taxes assessed against them, amounts to a finding of the taxes due on each tract, and, being substantially in the prescribed form, is sufficient

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. STEPHEN R. MOORE, for the appellant.

Mr. A. SAMPLE, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an application to the county court of Ford county, by the county collector, to obtain judgment and an order of sale of delinquent lands for the taxes of 1874. An appeal was taken to the circuit court, and judgment given for the sale of the lands for the taxes, from which judgment this appeal is taken.

The contestant, James Mix, filed in the court below thirty-six objections to the entry of judgment, asserting a non-com-

pliance with the various provisions of the statute in relation to the assessment and collection of taxes.

The bill of exceptions shows that the plaintiff gave in evidence, "The Paxton Record," showing publication of the delinquent list, with certificate and list of delinquent lands filed by the county collector, with his affidavit, required by the statute, and that this was all the evidence offered by either party.

It is insisted that the evidence was not sufficient to sustain the judgment; that it was incumbent on the appellee to prove that there had been a compliance with all the various provisions of the statute, which the objections alleged had not been complied with. This is fully met by the decision in *Durham* v. *The People*, 67 Ill. 414, that the collector's report of the list of delinquent lands makes a *prima facie* case, and that judgment is to be entered upon it unless good cause be shown why it should not be; that it is for the contestant to make his matters of objection appear.

It is objected that the record fails to show any sufficient advertisement giving notice of the intended application, or certificate of publication. The clerk certifies that the newspaper has been lost.

As the bill of exceptions states that the paper showing publication of the delinquent list, with certificate, was given in evidence, we will, in support of the judgment, presume the advertisement and certificate of publication to have been sufficient.

It is said it does not appear that the collector filed with the county clerk the list of delinquent lands five days before the commencement of the term, as required by section 188 of the Revenue Act. The presumption of the law is, that the collector performed his duty in this respect. *Atkins* v. *Hinman*, 2 Gilm. 450; *Jackson* v. *Cummings*, 15 Ill. 451.

It is objected that the judgment varies from the prescribed form in the statute. According to such form, judgment is entered against the lands for the taxes, and then follows an order for their sale for the taxes. Here, there is an omission of judgment, in form, against the lands, and only an order that

the lands be sold for the amount of taxes assessed against each separate tract. This amounts to a determination of what was the amount of taxes due upon each tract, and an order of sale of it for their payment.

The provision of the statute is, that the judgment shall be substantially in the prescribed form. We regard the judgment here, as substantially in the prescribed form, and as sufficient. Adjudging costs against the contestant is sanctioned by *Durham* v. *The People, supra.*

The judgment will be affirmed.

*Judgment affirmed.*