(*Supreme Court of Illinois. Northern Grand Division.*)

### James Mix

, vs.

### The People, on the application of C. P. Singest, County Treasurer.

(September Term, 1877.)

1. TAXES—APPLICATION FOR JUDGMENT FOR—BURDEN OF PROOF. An application for judgment for delinquent taxes is a summary proceeding and the burden of proof is upon the party whose lands are charged. The court presumes that the assessor performed his duty.

2. SAME—TRIAL BY JURY. In an application for judgment for delinquent taxes the delinquent is not entitled to a trial by jury.

3. SAME—CHANGE OF VENUE. In an application for judgment for delinquent taxes the delinquent is not entitled to a change of venue.

Appeal from the county court of Kankakee county: Hon. C. R. Storr, presiding. Opinion filed January 21, 1878.

*Stephen R. Moore,* attorney for appellant.

BREESE, J., delivered the opinion of the court:—

This is an appeal by James Mix from the county court of Kankakee county on the application of the county treasurer and collector of that county, for judgment against the lands of appellant alleged to be delinquent in the payment of the taxes assessed against the same.

The points made on this appeal are: First, that a motion for a change of venue was denied; second, that a trial by jury was refused; third, there was no proof that the property had been assessed; fourth, it was error to admit in evidence the delinquent list.

No one of these objections is tenable. An application for judgments for delinquent taxes is a summary proceeding, and governed by the revenue act. The act in relation to change of venue and to trial by jury have no application to such a case. It is not a suit in legal parlance.

It has been often held by this court that the party whose lands are charged as being delinquent must make the proof. It is not incumbent on the collector to prove it, for it is an act, with which he is not in privity. He is not required to make any proof of the acts of the assessor. *Durham v. The People,* 67 Ill. 414. The presumption is, the assessor and all other officers performed their duty.

The revenue act makes the collector's return of the lists of delinquent lands evidence. Parties can make objections at the proper time, if there be any. It is for the land-owner to point them out. So far as we can discover, the writ in this case complied with the statute.

The other points are settled by *Buck v. The People,* 78 Ill. 560, and *Mix v. The People,* 81 Ill. 118.

The judgment must be affirmed. Judgment affirmed.