## THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

## ROBERT GIVENS *et al.*

*Filed at Springfield January 18, 1888.*

1. TAXATION — *application for judgment—prerequisites in support thereof—burden of proof—presumption.* In the absence of any objection to the form or substance of the collector's return of the delinquent list, or notice of application for judgment, or to the list as returned, it will be presumed that the collector did his duty as required by law.

2. The collector's sworn report of the list of delinquent lands, together with proof of publication thereof, and notice of application for judgment, make a *prima facie* case, and entitle him to judgment thereon, unless good cause is shown to the contrary. If there are any valid objections not appearing on the face of the delinquent list, notice and proof of publication, it is for the owner to point them out and make them to appear. In this respect there is no difference between a special assessment and any other tax authorized by law.

3. In such case the collector is not bound to show that the tax or special assessment was legally assessed, by proof, until the presumption created by his return of the delinquent list is overcome by the objector.

WRIT OF ERROR to the County Court of De Witt county; the Hon. GEORGE B. GRAHAM, Judge, presiding.

The county collector of De Witt county applied to the county court for judgment against delinquent lands and lots, for taxes and special assessments levied and assessed in the year 1884. The defendants in error appeared and filed their objections as to the lands and lots owned by them, respectively, to the rendition of judgment against such lands and lots, for the special drainage assessment, interest and costs in drainage district No. 1, in Nixon township. The objections filed were,—first, that the drainage district referred to in the collector's delinquent list had no legal existence, and no right existed to assess a tax for drainage purposes; second, that the proceeding for the organization of such district was not according to law; third, that the assessment was made by persons having no

power or jurisdiction to enforce the same; fourth, that the jury was not legally impaneled; fifth, that the assessment was made upon an improper basis, and for an illegal purpose; and sixth, that the assessment was not legally and properly certified to the court.

On the hearing, the collector's delinquent list, duly verified, was offered and read in evidence, over the objection of defendants in error. In that list were included defendants in error, as owners, and a description of their several parcels of land, and against each parcel the taxes, special assessment, interest and costs assessed and accruing thereon for the year 1884, and remaining unpaid, and including the special drainage assessment in drainage district No. 1, in Nixon township, for that year. The collector also introduced in evidence a copy of the "Clinton Public," a newspaper published in De Witt county, containing a copy of the collector's said delinquent list, with notice when judgment would be applied for, and the time and place when the sale of such lands as judgments should be obtained against would take place, with a certificate of the publishers as to its publication, which was read in evidence, over the objection of defendants in error. The collector having rested, defendants in error demurred to the plaintiff's evidence, and objected to the rendition of judgment against their lands, and such demurrer and objection were by the court sustained, upon the ground, as the record shows, "of want of proof of organization of drainage districts," and rendered judgment for the defendants in error. Exceptions to the ruling and judgment of the court were taken, motion for new trial overruled and exception taken, and the record is brought here by writ of error.

Mr. William Booth, State's Attorney, and Messrs. Beach & Hodnett, for the plaintiffs in error:

The collector's report of the list of delinquent lands on an application for judgment, makes a *prima facie* case. 2 Starr & Curtis' Stat. p. 2086, sec. 193; *Durham* v. *People*, 67 Ill.

23—123 Ill.

414; *Mix* v. *People ex rel.* 81 id. 118; *Frew* v. *Taylor*, 106 id. 159; *Chiniquy* v. *People*, 78 id. 570; *Buck* v. *People*, id. 560; *Brackett* v. *People*, 115 id. 129; *Pike* v. *People*, 84 id. 80.

The defendants objecting to judgment, assume the burden of proving their objections. *Durham* v. *People*, 67 Ill. 414; *Mix* v. *People*, 86 id. 312.

All objections that could have been urged at the confirmation of the assessment roll are waived. *Blake* v. *People*, 109 Ill. 504; *Shultz* v. *People ex rel.* 105 id. 27.

Appearance by the owner, and entry of objections to judgment, are a waiver of defects in the notice, or lack of notice. *Frew* v. *Taylor*, 106 Ill. 159; *People ex rel.* v. *Sherman*, 83 id. 165; *Hale* v. *People ex rel.* 87 id. 72.

The legality of the formation of the district can not be inquired into in this proceeding. The remedy is by *quo warranto*. *Blake* v. *People*, 109 Ill. 504; *Osborn* v. *People*, 103 id. 224; *Keigwin* v. *Drainage Comrs.* 115 id. 347.

The presumption is, that public officers concerned in the assessment and collection of taxes, have done their duty. *Taylor* v. *People*, 2 Gilm. 371; *Jackson* v. *Cummings*, 15 Ill. 451; *Chiniquy* v. *People*, 78 id. 574; *Mix* v. *People ex rel.* 81 id. 118; *Job* v. *Tebbetts*, 5 Gilm. 376; *Buck* v. *People*, 78 Ill. 510; *Durham* v. *People*, 67 id. 414; *Frew* v. *Taylor*, 106 id. 159; *Beers* v. *People*, 83 id. 488.

Messrs. MOORE & WARNER, for the defendants in error:

There is no such corporation as drainage district No. 1 in the town of Nixon. A *de facto* corporation must be proved. *Shultz* v. *People*, 105 Ill. 27; *Osborn* v. *People*, 103 id. 224.

There was no assessment of taxes or benefits, no proof of the formation of such district, or of the levying of the tax.

There was no report of said tax reported to the county treasurer, and the county treasurer not having any certified list of the delinquent lands, as prescribed by section 116, had no right to put the same on his list for judgment.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

But a single question is presented by this record: Was the evidence presented by the collector sufficient to authorize and support a judgment against the delinquent lands, in the absence of any countervailing testimony?

The statute has made it the official duty of the county collector to make publication of the list of delinquent lands and lots, and of the time when application will be made for judgment thereon for delinquent taxes, and when sale will be made of lands against which judgment shall be obtained; and also to prepare and return into the county court, at a term named, a list of such delinquent lands and lots on which his application for judgment is based. What such lists shall contain and show, is specified by law; and as no objection is made in this case to the form or substance of the list or notice of application, etc., or to the list as returned, the legal presumption obtains, that the officer whose duty it was to make such list, publication and notice, and return the same into the county court, performed this duty according to law.

It is the doctrine of this court, repeatedly announced, that, under the statute, the collector's sworn report of the list of delinquent lands, together with proof of publication thereof and notice of application, make a *prima facie* case, and that judgment is to be entered thereon, unless good cause is shown to the contrary, and that if there be any valid objections not appearing on the face of said delinquent list, notice, and proof of publication, it is for the land owner to point them out and make them appear. In this respect there is no difference between these special assessments and any other tax authorized by law. The collector having made a *prima facie* case, if there were irregularities, or valid reasons why this tax was not legally assessed, the burden was upon defendants in error to establish such irregularity or illegality. *Durham* v. *The People*, 67 Ill. 414; *Karnes* v. *The People*, 73 id. 274; *Buck* v. *The People*,

78 id. 560; *Chiniquy* v. *The People*, id. 570; *Brackett* v. *The People*, 115 id. 29; *Mix* v. *The People*, 81 id. 118; 86 id. 312; *Frew* v. *Taylor*, 106 id. 159.

Here, the land owners, defendants in error, offered no testimony whatever, either in support of their specific objection, or as tending in any way to impeach the validity of this special assessment. The collector was not bound to show that the tax was legally assessed, by proof, until the presumption created by his return of the delinquent list was overcome, and it was the manifest duty of the county court to have rendered judgment upon the collector's report of delinquent lands, and proof of publication, as required by law. For its error in this regard, the judgment of the county court of De Witt county is reversed, and the cause remanded.

*Judgment reversed.*