The Chicago and Northwestern Railway Company

*v.*

The People *ex rel.* Charles F. Welty, County Collector.

*Opinion filed February 14, 1898.*

Taxes—*effect of overseer's failure to notify party to work out road tax.* The failure of the overseer of highways, in towns which have adopted the system of paying road taxes in labor, to give three days' notice to a tax-payer to work out such tax, as required by section 108 of the Road and Bridge act of 1883, (Laws of 1883, p. 160,) is not a mere irregularity but the denial of a substantial right, which vitiates the levy.

Appeal from the County Court of Lee county; the Hon. R. S. Farrand, Judge, presiding.

William Barge, and C. Leroy Brown, for appellant.

Mr. Justice Cartwright delivered the opinion of the court:

Appellant appeared and filed objections to the application of the county collector of Lee county for judgment against its property for the road taxes assessed by the commissioners of highways of the town of Nachusa, in districts numbered 4 and 8 of said town. The court overruled the objections and gave judgment for the taxes.

It was stipulated at the hearing that the commissioners of highways of the town assessed the taxes and made and certified the lists, including a description of appellant's railroad property, September 1, 1896, being only two days previous to the date upon which the overseer was required by law to return such lists to the supervisor of the town; that the town of Nachusa had adopted the labor system provided for in the statute for the payment in labor of road taxes, and that the overseers of highways in said districts did not give appellant three days' notice of the time when and the place where it might appear and pay said road taxes in labor.

In the case of *People* v. *Chicago, Burlington and Quincy Railroad Co.* 164 Ill. 506, the various steps essential to the levy and collection of a valid tax of this character were pointed out, and it was held that the provisions of the statute must be substantially complied with before property can be taken and sold in satisfaction of the tax. Among these provisions is the direction of section 108, that every overseer of highways shall give at least three days' notice to each person residing in his district against whom a land or railroad property or personal property road tax is assessed, of the time when and the place where he may appear and pay such road tax in labor, and the provision that every such person may appear at such time and place and work in person or by an able-bodied substitute, and be credited on such road tax $1.25 for every day of eight hours. It was agreed in this case that such notice was not given, and appellant was deprived of the opportunity contemplated by the statute to work out the road tax. The privilege given by the statute was a substantial right, and it might be of considerable advantage to appellant to work out the tax at the rate therein fixed. Judge Cooley, in his work on Taxation, (at page 541,) says: "But it is not a mere irregularity when one is denied his legal right to work out a road tax and the amount is demanded in money." In such a case the party taxed is denied a substantial right which goes to the foundation of the tax, and the failure to give the notice and afford the opportunity accorded by the statute to make payment in labor vitiates the levy. *Patterson* v. *Creighton*, 42 Me. 367; *Miller* v. *Gorman*, 38 Pa. St. 309; *Biss* v. *Town of New Haven*, 42 Wis. 205.

Other objections to the taxes are presented and argued, but it is needless to consider them, since the failure to give the notice is decisive against the validity of the taxes.

The judgment of the county court is reversed.

*Judgment reversed.*