The Chicago and Northwestern Railway Company
.*v.*
The People *ex rel.* Gilmore, County Collector.

*Opinion filed December 18, 1899.*

1. TAXES—*collector's delinquent report is prima facie correct.* The collector's report of the property delinquent for taxes establishes *prima facie* that the taxes reported therein have been legally assessed, levied and extended and that they are valid and unpaid, and the burden of overcoming such *prima facie* case rests upon those objecting to the entry of judgment.

2. SAME—*notice to work out road tax need not be in writing.* Notice to work out road taxes need not be in writing nor need the amount of the tax be stated, but it is sufficient if verbal notice is given of the time and place to do the work.

3. Same—*railroad company must show residence in district to be entitled to notice.* In order to maintain an objection that no notice to work out road taxes was served on the objecting railroad company, it is essential that the company establish that it is a resident of the district for which the tax was assessed.

4. Same—*who may claim right to notice to work out road tax.* Under section 108 of the Road and Bridge act, (Laws of 1883, p. 160,) the benefit of the right to receive notice to work out road taxes can be demanded only by those upon whom the overseer can serve notice within the territorial limits of his district.

5. Same—*what necessary to enable railroad to demand notice to work out road tax.* A railroad company cannot be regarded as a resident of a road district through which the railroad runs, as respects the right to notice to work out road taxes, unless it has some representative residing in the district upon whom the overseer may serve such notice.

Appeal from the County Court of Winnebago county; the Hon. Rufus C. Bailey, Judge, presiding.

Works & Hyer, for appellant.

Arthur H. Frost, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The appellant company filed objections to the application of the county collector of Winnebago county for judgment against its property for alleged delinquent district road taxes in districts numbered 3, 8, 9 and 16 in the town of Roscoe and district 12 in the town of Rockton, in said county. The objections were overruled and judgment entered against the property of the appellant company, to reverse which this appeal was perfected.

The towns of Roscoe and Rockton had each adopted the labor system provided for in the statute for the payment in labor of district road taxes. The objection was the same as to the taxes levied in each of said districts, and was specified in writing, as follows: "No notice was served upon the railway company through its agents, or otherwise, as to the time when or place where the said

tax should be worked out or commuted, by reason whereof the said district road tax is void and uncollectible."

The collector's report of the list of property delinquent for taxes makes a *prima facie* case that the taxes therein reported have been legally assessed, levied and extended, and are valid and remain unpaid, and if due proof of the publication of the list and of the notice of the application is made, the report fully establishes all that is necessary to authorize the rendition of a judgment against any and all property contained in the list to which no objections are filed. If there are any valid objections to the entry of the judgment, the burden of disclosing such ground of objection rests upon the party making the objection. It is for the property owner to show, if he can, that his property should not be sold for taxes. *Durham* v. *People,* 67 Ill. 414; *Hutchinson* v. *Self,* 153 id. 542.

The appellant company, for the purpose of overcoming the presumptions arising in law in favor of the validity of the taxes appearing against its property in the delinquent list or collector's report, introduced as witnesses the overseers of the road districts in question. No other evidence was produced upon the point. James McCabe, overseer of district No. 9 in the town of Roscoe, testified as follows: "I called on the agent of the Chicago and Northwestern Railway Company at the station, regarding their road taxes. I did not serve any written notice. If I served any notice it was verbal. I could not tell the exact words. I spoke to him about the taxes. He answered me, and inquired if I had anything against him. 'No,' I said, 'nothing except what I had against the railroad.' I would not swear that I told him how much they were. No, I didn't tell him any amount except just the taxes. I believe I notified him for the railroad company to appear and work out the railroad company's tax. I could not exactly tell what I said to him. I forget. It was just an ordinary conversation. He asked me if I

had anything against him, and I told him I had nothing except what I had against the railroad. I didn't mention any time. I generally asked the man what time it would suit him to do the work, and the man would suit himself and take what time was the most convenient to him. I told him the place. I was working right beside the depot. I asked him what he was going to do about the work. I believe he replied that he was not going to do anything." On cross-examination: "I will not swear that I didn't tell him the time. I didn't talk much to him. I told him where I wanted him to work out the railroad company's taxes. I wouldn't swear which time it was I talked to him. I hadn't talked with him but the two times. I believe the railroad depot is in my district, but he, the agent, didn't reside in the district."

This testimony does not, by any means, overcome the presumptions of law in support of the correctness of the collector's list and report. Notice in writing is not required, but it may be verbal. The amount of taxes to be worked out need not be mentioned. It appeared from this testimony of the overseer that he verbally notified an agent of the appellant company to appear and work out the tax against the property of the company, and told such agent the place where he (the overseer) wanted the work to be done, but could not remember whether he told him the time to come. He would not swear that he did not notify him when to come, but stated he could not remember all that was said. Counsel for appellant company argue this testimony is not sufficient to establish that legal notice to pay the tax in labor was given to the company. This argument misconceives the point to be determined. The collector's list and report established *prima facie* that notice had been given as the law requires. The appellant company introduced the overseer for the purpose of overcoming this presumption by proving notice had not been given, and the inquiry is, does this testimony show the notice was not given. Manifestly it does

not. The testimony is not at all inconsistent with the view legal notice was given. In fact it tends to confirm, rather than oppose, that presumption. Judgment was properly awarded for the taxes of district No. 9 in the town of Roscoe.

The testimony of the overseers of districts 3 and 8 in the town of Roscoe and district 12 in the town of Rockton was substantially the same. Each of said overseers testified he did not notify the appellant company in any manner to appear and work out the road tax, and each testified that no representative or agent of the appellant company resided in his district. It was not shown in the testimony of either of these witnesses that the line of appellant's railroad passed through or into the territory of either of these districts.

The overseer of district No. 16 in the town of Roscoe testified the line of the railroad of the company ran through his district, but that there was no depot in the district and that no representative of the appellant company resided in the district, and that he gave verbal notice to one of its station agents, Mr. Burke, that he could come on with his men and work out the taxes of the railroad company, but did not direct him where or when to come. It is essential to a legal notice that the party notified be advised when and the place where he is to appear and labor on the road.

The only statutory provisions under which the appellant company can claim to be entitled to notice to pay its district road tax in labor are to be found in section 108 of chapter 121, entitled "Roads and Bridges." (Hurd's Stat. 1897, p. 1393.) Section 95 of the same chapter has reference only to the notice to be given to persons who have been assessed, to perform labor for a specified number of days on the highways. The persons so assessed to labor on the highways are those mentioned in section 82, and the mode and manner of the assessment of such labor against such persons is prescribed in sec-

tions 81, 84, 85 and 86.   These sections, and section 95, relate only to the enforcement of the duty which is imposed on those persons included in the provisions of section 82 to labor a fixed number of days upon the public roads.   Every able-bodied male inhabitant of each road district who is above the age of twenty-one years and under the age of fifty years (not under any of the disabilities specified in said section 82) is required to perform not less than one nor more than three days' work upon the highways in each year, and if he is the owner of taxable property in the district, is required, in addition to said road labor, to pay such road tax as may be levied on his taxable property in the district.   The system of permitting tax-payers to elect to pay district road taxes in labor may, however, be adopted, and section 108 was enacted for the purpose of enabling those tax-payers so entitled, to take advantage of the privilege granted under such system of discharging such taxes in labor. Section 108, so far as important for consideration here, is as follows: "Every overseer of highways shall give at least three days' notice to each person residing in his district against whom a land, railroad property or personal property road tax is assessed, either personal or in writing, left at his usual place of abode of the time when and the place where he may appear and pay his road taxes in labor, and with what implements," etc.

We have held a railroad company, as other tax-payers, is entitled to the right to elect to pay the district road tax levied against its property in labor, and also, equally with other tax-payers, entitled to the notice provided to be given by section 108.   (*Chicago and Northwestern Railway Co.* v. *People ex rel.* 171 Ill. 525.)   That section, however, only requires and authorizes the overseer to give such notice to "each person residing in his district."   The first essential step to be taken by the appellant company to maintain its objections was to establish it was a resident of the road district, otherwise it was not entitled to

notice to pay its district road taxes in labor. The residence of a corporation is generally the place at which it maintains its principal office in the State which created it.

Railroad corporations have frequently, for purposes of determining the venue of suits against them, been regarded and held to be residents of each jurisdiction or municipality through which the line of road passes. It is urged such corporations, for the purposes of enabling them to avail of the privileges of discharging in labor the district road taxes levied on their property, should be regarded as residing in each road district within which the line of the road is located. This may be conceded, provided the company has an agent or representative "residing" in the district upon whom the overseer may serve the notice the company is entitled to receive, for we do not conceive it to be the duty of the overseer, in order to perform the official act of serving a notice, to seek beyond the limits of his district for the tax-payer. It appeared in the case at bar the appellant company had no representative or agent in either of said road districts number 3, 8 or 16 in the town of Roscoe or in said district 12 in the town of Rockton. We need not consider whether a depot or station building should be deemed a "place of abode," within the meaning of those words as employed in the statute, for the reason there was no depot or station in either of the districts. The duty of the overseer in the matter of serving the notices being confined to the territorial limits of his district, it follows the right to receive the notice can only be demanded by those upon whom the overseer can serve the notice within his district.

The *prima facie* case made by the report of the collector not having been rebutted and overcome, the court correctly awarded judgment in accordance therewith.

The judgments appealed from are each affirmed.

*Judgment affirmed.*