CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY

*v.*

THE PEOPLE *ex rel.* Joseph Galloway, County Collector.

*Opinion filed December 16, 1902.*

1. TAXES—*method prescribed for levying tax must be followed.* The method prescribed by the legislature to subject property to taxation must be substantially followed before the property can be taken and sold in satisfaction of the tax.

2. SAME—*when order of commissioners for road tax is insufficient.* An order of highway commissioners reading, "Ordered levy a district road tax for labor purposes, forty cents on the last assessment roll," is not a compliance with section 83 of the Road and Bridge act, which requires the amount needed to be fixed in dollars and cents or by a stated per centum on each $100.

3. SAME—*when posting of notices by clerk is insufficient.* The posting of notices by the town clerk on the same day that the commissioners' order for a district road tax was entered and eighteen days before the assessment roll was filed is not a compliance with section 88 of the Road and Bridge act, in the absence of proof that the notices remained posted after such roll was filed.

4. SAME—*commissioners' order and clerk's notice are essential elements of a district road tax.* Failure of commissioners to ascertain definitely the amount to be raised as a district road tax, and of the clerk to post notices within ten days after the amount of such tax has been filed in his office, are not mere irregularities but substantial omissions, which vitiate the levy.

5. SAME—*oral statement of commissioners for an additional road and bridge tax is insufficient.* A verbal statement by highway commissioners to the board of auditors that an additional levy of twenty cents on each $100 is needed, is not a compliance with section 14 of the Road and Bridge act, as amended in 1901, (Laws of 1901, p. 274,) requiring the commissioners, if of opinion an additional levy is needed, to *certify* the same to the board of auditors.

6. SAME—*town auditors cannot consent to additional levy without certificate of commissioners.* Consent by the board of town auditors and the assessor to an additional levy of road tax, given without a certificate, *in writing*, from the highway commissioners that in their opinion such additional levy is needed, is, under section 14 of the Road and Bridge act, as amended in 1901, insufficient to authorize a valid levy.

APPEAL from the County Court of Iroquois county; the Hon. FRANK HARRY, Judge, presiding.

MORRIS & HOOPER, (W. H. LYFORD, and E. H. SENEFF, of counsel,) for appellant.

J. W. KERN, State's Attorney, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application in the county court of Iroquois county for judgment against the property of appellant for $74.74 delinquent district road tax in district No. 1 in the town of Papineau, and $120.72 delinquent road and bridge tax in the town of Middleport, in said county, for the year 1901. The appellant appeared and filed objections to the application for judgment, but the court overruled the same and rendered judgment against the property, and it has brought the record to this court by appeal, for review.

It is admitted that the town of Papineau is under the labor system and that the town of Middleport is under the cash system. The objections urged in this court against the district road tax are, first, that the commissioners of highways of said town did not, during the year 1901, levy and assess any district road tax against the property of appellant in said district, and that said tax has been extended without authority of law, and is null and void; second, that the town clerk did not give notice of the alleged district road tax by posting notices, as required by law.

Section 83 of the act entitled "Roads and Bridges" (3 Starr & Cur. Stat.—2d ed.—p. 3587,) provides that the commissioners of highways of each town shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property and railroad property known as "railroad track" and "rolling stock," for the making and repairing of roads, not exceeding forty cents on each $100 as equalized and assessed by the State Board of Equalization for the purposes of taxation for the previous year, and shall levy and assess

the same as a road tax against said property. Section 81 provides that the town clerk shall deliver the lists filed by the overseers to the commissioners of highways of the town, who shall proceed to ascertain, estimate and assess the highway labor and road tax to be performed and paid in their town the next ensuing year. Section 84 provides the commissioners of highways shall affix to the name of each person named in the lists furnished by the overseers, the number of days assessed to each person for highway labor, and they shall make a list for each district, containing a description of each tract of land in the district, and the name of the owner, if known, and the name of the owner of any railroad property known as "railroad track" and "rolling stock," and also a list of the names, in alphabetical order, of the personal property tax-payers, and shall set opposite each tract of land the valuation thereof as taken from the assessment roll of the previous year as equalized by the State Board of Equalization, and opposite each tax-payer's name the amount of his personal assessment on personal property as taken from said roll, and opposite the name of each owner of railroad property known as "railroad track" and "rolling stock" the valuation thereof as assessed by the State Board of Equalization for the purposes of taxation for the previous year and distributed by the county clerk, and opposite each valuation and assessment they shall extend the road tax assessed thereon in a separate column, which lists, when so prepared, shall be subscribed by the commissioners and deposited with the town clerk and filed in his office. Section 88 provides the town clerk shall, within ten days after the commissioners of highways have filed in his office the amount of road tax assessed on the real and personal estate of the town, post a notice on the outer door of the house where the town meeting was last held, and in two other public places in said town, stating the amount of road tax assessed on each $100 worth of real and per-

sonal estate of the town, and that persons interested can pay the same in labor on the highways, under the direction of the overseer of highways in the district wherein the land or personal property is situated. Sections 110, 116 and 117 provide for the return and collection of delinquent road taxes.

On April 16, 1901, at a regular meeting, the commissioners of highways of the town of Papineau made and entered of record the following order: "Ordered levy a district road tax for labor purposes, forty cents on the last assessment roll,"—which order is the only ascertainment of the amount of money to be raised by tax for the making and repairing of roads and the levy and assessment of a road tax for that year by the commissioner of highways of said town, and is the basis of the district road tax sought to be collected in this proceeding. The question therefore arises, is such order a compliance with the provisions of section 83 above referred to? We think not. When the legislature has prescribed a certain method to be adopted to subject property to the burden of taxation, that method must be substantially complied with before the property can be taken and sold in satisfaction of a tax. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 164 Ill. 506.) It was the duty of the commissioners to ascertain, as near as practicable, how much money must be raised by tax for the making and repairing of roads, and to levy and assess the same as a road tax against the real, personal and railroad property in the town subject to taxation. Here there was no ascertainment of the amount of money necessary to be raised by amount, or by a per centum upon each $100 of taxable property, and no levy was made. A strict compliance with the statute would require the amount of the tax to be raised to be fixed in dollars and cents, but under the authority of *Chicago and Alton Railroad Co.* v. *People,* 155 Ill. 276, *Chicago and Alton Railroad Co.* v. *People,* 163 id. 616, and *Gage* v. *Bailey,* 102 id. 11, a fixed per centum upon each

$100 of taxable property would have been sufficient, as the amount of the assessment and tax could readily be determined therefrom.

The assessment roll required by sections 81 and 84 was filed in the town clerk's office on May 4, 1901, but the notice required to be given by section 88 was not given within the next succeeding ten days. The town clerk, immediately after the order above set forth was entered, and on the same day, posted notices as provided by said section, and we are asked to hold such notice sufficient. There was no proof that the notices were up or remained posted subsequent to May 4, 1901, and the posting of notices eighteen days prior to the time when the commissioners of highways filed the amount of the road tax assessed in the town clerk's office is not a compliance with the statute, which requires such notices to be posted within ten days after the filing of the amount of said road tax in the clerk's office. The clerk evidently mistook the ascertainment of the amount of the tax, and the levy thereof, under section 83, which was attempted to be made by the commissioners on April 16, as a compliance with section 84. That section, in connection with section 81, requires the assessment roll, which shows the amount of the road tax, to be prepared and filed in the town clerk's office, and as these are the only sections in the statute which require any paper or papers to be filed in the town clerk's office showing the amount of the road tax, the assessment roll must be the paper showing the amount of said tax assessed which is required by section 84 to be filed in the town clerk's office, and upon the filing of which section 88 requires notice to be given within ten days after the same was filed.

The failure of the commissioners to ascertain, as near as practicable, the amount of money necessary to be raised as a road tax, to levy and assess the same, and of the town clerk, within ten days after the commissioners have filed in his office the amount of road tax assessed,

to give notice, are not mere irregularities, but failures to comply with the statute in substantial matters, which go to the foundation of the tax and vitiate the levy. . (*Chicago and Northwestern Railway Co.* v. *People ex rel.* 171 Ill. 525.) The objections to the district road tax in the town of Papineau should therefore have been sustained.

The first objection urged in this court against the road and bridge tax is, that the commissioners of highways of the town of Middleport did not certify, in writing, to the board of town auditors and assessor of said town, that in the opinion of said commissioners a greater levy was needed than sixty cents on each $100 of the taxable property in said town. The road and bridge tax for which judgment was sought was the excess extended against the property of appellant over and above the sixty cents on the $100 of assessed valuation allowed by law to be assessed by the commissioners without the consent, in writing, of a majority of the board of town auditors and assessor of the town.

Section 13 of the Road and Bridge act reads: "The commissioners shall also meet semi-annually on the same day and at the same place of meeting of the board of town auditors. At the meeting immediately preceding the annual meeting of the county board the commissioners shall determine what per cent of tax shall be levied on the property of the town for road and bridge purposes and for the payment of any outstanding orders drawn by them on their treasurer, which levy shall not exceed sixty cents on each $100." Section 14 of the same act, as amended by the act approved May 11, 1901, reads: "If, in the opinion of the commissioners, a greater levy is needed, they may certify the same to the board of town auditors and the assessor, a majority of whom shall be . a quorum, and with the consent of a majority of this entire board given in writing, definitely and specifically directing the particular purpose or purposes to which the same shall be solely applied, an additional levy may

be made of any sum not exceeding forty cents on the $100 of taxable property of the town. If the commissioners shall use any part of the funds so authorized, by said written consent, for any other purpose than that therein specified without the further written consent of said board, they shall be deemed to have illegally appropriated the same, and shall be liable accordingly." (Hurd's Stat. 1901, p. 1523.)

Under section 13 the commissioners had no power to make a levy to exceed sixty cents on each $100 of the taxable property of the town, but under section 14, as amended, if the commissioners were of the opinion a greater levy was needed they might certify that fact to the board of town auditors and assessor, and, with the consent of a majority of that board given in writing, an additional levy of not exceeding forty cents on each $100 might be made. The commissioners of highways at their September meeting, 1901, made a verbal statement to the board of town auditors and assessor that in their opinion an additional levy of twenty cents on each $100 was needed, and upon that statement the consent of a majority of the board to an additional levy of twenty cents on each $100 was given in writing, and a levy of eighty cents on each $100 was made by the commissioners of highways, and it is contended that such certificate by the commissioners not having been in writing, it, in law, amounted to no certificate, and that therefore the consent of said board was invalid and did not authorize the levy of the additional tax. We are inclined to agree with such contention. "To 'certify' is to testify to in writing; to make known or establish as a fact." (Anderson's Dic. of Law; *State* v. *Schwin*, 65 Wis. 207.) The oral statement of the commissioners was not such certificate as is contemplated by the statute. The power of the commissioners of highways to impose a tax is limited, and must be strictly construed, (*Comrs. of Highways* v. *Newell*, 80 Ill. 587,) and the provisions of a statute designed for the

protection of the tax-payer are mandatory and a disregard of them will render a tax illegal, and the substantial justice of a tax is affected if the authorities attempting to impose it have no power to levy it. (*Chicago and Northwestern Railway Co.* v. *People ex rel.* 193 Ill. 594.) The board of town auditors and assessor had no power to act until the commissioners of highways certified to them the fact that in their opinion a greater levy than sixty cents on each $100 of taxable property was needed, and as no certificate to that effect was made to them, their consent was invalid and the levy in excess of sixty cents on each $100 was void, and the court should have so ruled, the effect of which would have been to have sustained the first objection of appellant to said road and bridge tax.

The judgment of the county court will be reversed and the cause remanded.    *Reversed and remanded.*