THE PEOPLE *ex rel.* Lewis C. Price, County Treasurer,

*v.*

HARRY A. LYON *et al.*

*Opinion filed December 20, 1905.*

1. SPECIAL ASSESSMENTS—*when objection that an improvement differs from one provided for may be raised.* On application for judgment of sale it may be shown in defense that the improvement constructed was different from the one provided for in the ordinance, where it is not shown that the proceeding provided for by section 84 of the Local Improvement act, determining that matter, has been had.

2. SAME—*finding that the improvement was not the one provided for is error if the ordinance was not proved.* A judgment sustaining an objection to an application for judgment of sale upon the ground that the improvement constructed was not the one provided for in the ordinance is error, where the bill of exceptions purports to contain all the evidence yet does not contain the ordinance.

APPEAL from the County Court of Lake county; the Hon. D. L. JONES, Judge, presiding.

HUFF & COOK, (SMOOT & EYER, of counsel,) for appellant.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lake county refusing judgment and order of sale against the property of appellees for the first installment of a special assessment for improving certain streets in the village of Lake Bluff. But one objection was filed, which was to the

218—37

effect that the improvement constructed was not the improvement provided for in the improvement ordinance, which objection was sustained by the court and judgment rendered in favor of the objectors.

Two reasons are urged as grounds of reversal in this court:

*First*—That the question of whether the improvement constructed is the improvement provided for in the improvement ordinance cannot be raised on application for judgment and order of sale, as it is said that question can only be raised in the county court under the provisions of section 84 of the Local Improvement act, as amended in 1903. The collector's report, with proof of publication thereof and notice of application for judgment, made a *prima facie* case for the appellant, (*People* v. *Givens,* 123 Ill. 352; *Scott* v. *People,* 142 id. 291;) and under the repeated decisions of this court (*Pells* v. *People,* 159 Ill. 580; *Young* v. *People,* 196 id. 603; *Gage* v. *People,* 200 id. 432; *Eustace* v. *People,* 213 id. 424; *Phillips* v. *People, ante,* p. 450;) on application for judgment and order of sale it may be shown the improvement provided for in the ordinance and for which the assessment was levied was a different improvement from the one actually constructed. The basis of these decisions is that a valid ordinance must lie at the foundation of every assessment, and if the improvement constructed is not the improvement provided for in the ordinance then there is no ordinance in existence providing for the construction of the improvement made, and at the time of confirmation it can not be ascertained that the improvement which will be constructed will not be the improvement provided for in the ordinance. (*Pells* v. *People, supra; Young* v. *People, supra.*) In the latter case, on page 605, it was said: "The improvement as constructed under the contract, being essentially different and another improvement than that called for in the ordinance, the appellants cannot be compelled to pay for the same by special assessment. This defense arising

subsequently to the confirmation of the assessment may be set up when the collector seeks judgment."

The question of the effect of section 84 of the Local Improvement act, as amended in 1903, does not arise in this case, as it does not appear from the record that the proceeding provided for in said section had been had in the county court. If the question of whether the improvement made was the improvement provided for in the ordinance had not been settled in a proceeding under that section, such proceeding cannot be held to be *res judicata* of the question raised here. *Phillips* v. *People, supra.*

*Second*—The next reason urged as ground of reversal is that the improvement ordinance was not introduced in evidence on the trial of this case, and that for that reason, it is said, it could not be determined by the trial court, and can not be determined by this court, that the improvement constructed was not the improvement provided for in the ordinance. This objection is well taken. The improvement ordinance is not found in the record, and as that ordinance is not before us it is manifest we cannot determine whether the improvement made is the improvement provided for in the ordinance or not. The judge of the county court has certified the bill of exceptions found in the record contains all the evidence heard by the trial court at the time the objections to confirmation were disposed of, and as that court appears to have decided the improvement made was not the improvement provided for in the improvement ordinance without that ordinance having been offered in evidence, it clearly erred.

The judgment of the county court will therefore be reversed.                                     *Judgment reversed.*